## INHABITANTS OF ROBBINSTON *versus* INHABITANTS OF LISBON.

Towns furnishing necessary supplies to persons falling into distress, who have their legal settlement in another town, may recover for such supplies, in an action commenced within two years after the expiration of two months, from the giving of said notice, where no answer is returned.

But if an answer, denying their liability, is returned by the overseers of the town called upon, within the time prescribed by statute, then the action must be commenced within two years from the return of the answer, or it is barred.

ON FACTS AGREED.

ASSUMPSIT, to recover for supplies to paupers, alleged to have their legal settlement in Lisbon.

The plaintiffs paid for support of the paupers $134,60 for board from April 1, 1851, to April 1, 1852, and for board and other necessaries from April 5, to Aug. 23, 1852.

This action was commenced on October 6, 1853.

The overseers of Robbinston, on Sept. 18, 1851, notified the overseers of Lisbon, that the paupers had fallen into distress in their town, &c. To this notice the overseers of Lisbon *immediately* replied, denying that the paupers had any settlement in Lisbon or that that town was in any way liable for their expenses.

Other facts were admitted which it is unnecessary to state.

The Court were authorized to render judgment according to the legal rights of the parties.

*P. Thacher*, for defendants, contended that the action could not be maintained as more than two years elapsed, after the delivery of the notice, before the suit, and cited

*Uxbridge* v. *Seekonk,* 10 Pick. 150; *Belfast* v. *Leominster,* 1 Pick. 126; *Harwich* v. *Hallowell,* 14 Mass. 184; *Camden* v. *Lincolnville,* 16 Maine, 384.

The defendants gave an *immediate* answer, and the rule in *Belmont* v. *Pittston,* 3 Greenl. 453, does not apply. *Sanford* v. *Lebanon,* 26 Maine, 461.

*B. Bradbury,* for plaintiffs, relied in support of the action, on *Belmont* v. *Pittston,* 3 Maine, 453; *Camden* v. *Lincolnville,* 16 Maine, 384.

APPLETON, J. — It is held by this Court, in *Belmont* v. *Pittston,* 3 Greenl. 453, that an action cannot be maintained against the town in which the pauper has his settlement, by the town affording him relief, until the expiration of two months after notice given pursuant to statute 1821, c. 122. This decision has been somewhat modified by the opinion of the Court in *Sanford* v. *Lebanon,* 26 Maine, 461, where it was held, if the answer of the defendant town is returned within the two months, that the suit may be forthwith commenced, notwithstanding that time has not expired. It follows from this, that the liability of the defendant town must then accrue. If, then, a liability to a suit arises upon the return of an answer, denying the settlement of the pauper, it is difficult to perceive why the limitation of two years, which is given by the statute, does not attach at the same time and by the same act.

This action was commenced Oct. 6, 1853. The defendants were notified on Sept. 18, 1851, that the paupers for whose relief this action is brought, had fallen into distress in the plaintiff town, and they looked to them for their support. To this notice the defendants replied *immediately,* denying their liability. The word immediately, strictly construed, excludes all intermediate time. In *Thompson* v. *Gibson,* 8 Mees. & Wels. 281, the word immediately was held to mean "within such convenient time as is required for doing the thing." If the notice was returned immediately, as the case finds it to have been, more than two years

must have elapsed since its return, and if so, the action cannot be maintained. *Plaintiffs nonsuit.*